**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>EMORTGAGE FUNDING, LLC<br><br>Defendant. | Case No. |

# CLASS ACTION COMPLAINT

Plaintiff Jake Galloway ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against eMortgage Funding, LLC ("Defendant") and alleges as follows:

## BACKGROUND

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The TCPA also prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3).

4. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

5. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

6. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

7. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016).

8. Plaintiff brings this action under the TCPA alleging that Defendant contacted Plaintiff, whose number is on the National Do Not Call Registry and also left Plaintiff highly illegal prerecorded voice messages. These calls were made without the call recipient's prior express written consent.

9. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

10. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

11. Plaintiff is an individual residing in Delaware County, Pennsylvania which is located in this District.

12. Defendant is a corporation headquartered in Troy, Oakland County, Michigan.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

14. The Court has personal jurisdiction over the Defendant and venue is proper because Plaintiff resides in this District and Defendant directed and sent its calls to Plaintiff into this District.

## FACTUAL ALLEGATIONS

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff's cellular telephone number, (610) XXX-XXX, is a non-commercial telephone number.

17. The number is a residential telephone line because it is assigned to a residential cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

18. Plaintiff uses the number for personal use only as one would use a landline telephone number in a home.

19. Plaintiff uses his cellular telephone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

20. Plaintiff does not have a landline in his home.

21. Plaintiff does not have any other telephone number besides his cell phone.

22. Plaintiff pays for his Verizon cell phone plan himself and is not reimbursed by a business.

23. Plaintiff's cellular telephone number has never been associated with a business.

24. Plaintiff has never used his cellular telephone number in any business or marketing materials.

25. Plaintiff's telephone number has been listed on the National Do Not Call Registry since December 31, 2006.

26. Plaintiff has never been a customer of Defendant, never did business with Defendant, nor asked or inquired to be a customer of Defendant.

27. Despite that, on October 7, 2025, the Plaintiff received at least two text messages from Defendant and at least three prerecorded calls from Defendant.

28. All of the calls and text messages came from telephone number (331) 631-0084.

29. Defendant sent two text messages on October 7, 2025.

30. The text messages are shown below:


8:25
92
33
+1 (313) 631-0084
Text Message • SMS
Tue, Oct 7 at 9:52 AM
EMORTGAGE
CAPITAL
9:52 AM
Hi Madison, I've put together a custom loan refinance plan with current pricing. Option 1 offers the best rate for lower payments, and Option 5 gives you the most cash at closing. What's your preference?
Barry Hejaij | E Mortgage
Reply OUT to Unsubscribe.
9:52 AM
Tue, Oct 7 at 11:22 AM
Text Message • SMS




31. After receiving the text messages, Plaintiff replied "Stop."

32. The text messages were meant for someone other than, and unknown to Plaintiff.

33. The purpose of the text messages was to market and promote Defendant's loan business.

34. The Defendant also called Plaintiff three times on October 7, 2025.

35. Plaintiff rejected the first two calls at 10:22 AM and 10:23 AM.

36. At 10:23 AM, Defendant called Plaintiff again and left an artificial or prerecorded voicemail transcribed below:

> Hi. I am calling regarding the quote I texted you. Give me a call or shoot me a text with the best time to reach you. Thanks.

37. The voice on the message sounded robotic in tone and speech pattern.

38. Given the generic nature of the message, the tone of the message, the content of the messages, the message Defendant delivered to Plaintiff's cellular telephone number was artificial or prerecorded in nature.

39. Plaintiff never consented to receive calls or text messages from Defendant.

40. Defendant placed the subject calls voluntarily and under its own free will.

41. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to (610) XXX-XXXX.

42. The aforementioned text messages to Plaintiff were also unwanted.

43. The text messages were nonconsensual encounters.

44. Plaintiff's privacy has been violated by the above-described telemarketing calls.

45. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded. Furthermore, the calls unnecessarily used battery life, storage space, bandwidth, and wear and tear.

46. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

47. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

48. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

49. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have an account with the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

50. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

51. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

52. This Class Action Complaint seeks injunctive relief and money damages.

53. The Classes as defined above, are identifiable through Defendant's dialer records,

other phone records, and phone number databases.

54. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

55. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

56. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

57. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

58. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Defendant's violations of the TCPA;

b. Defendant's conduct, pattern, and practice as it pertains to dialing telephone numbers registered on the National Do Not Call list;

c. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

d. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

e. Defendant's use of an artificial or prerecorded voice; and

f. The availability of statutory penalties.

59. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

60. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

61. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

62. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

63. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**COUNT I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

66. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

67. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## COUNT II

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

68. Plaintiff incorporates each and every factual allegation contained in paragraphs 1-63.

69. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

70. Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

72. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this October 29, 2025.

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com