**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAKE GALLOWAY,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 25-6164-KSM** |
| **EMORTGAGE FUNDING, LLC.,** | |
| Defendant. | |

## <u>ORDER</u>

**AND NOW**, this 19th day of December 2025, upon consideration of Plaintiff's Motion to Substitute Party Name (Doc. No. 7) it is **ORDERED** that the motion is **DENIED**.  As Plaintiff's motion and the email thread attached to it make clear, Defendant Emortgage Funding, LLC and Plaintiff's proposed substituted Defendant E Mortgage Capital, Inc. are "completely different companies."[1]  (Doc. No. 7-1 at 1.)

**IT IS SO ORDERED.**


*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**

---

[1] As support for his motion, Plaintiff cites only to Federal Rule of Civil Procedure 21.  (*See* Doc. No. 7 at 1.)  But Rule 21 does not support Plaintiff's motion.  Rule 21 deals with **joinder** of parties, not substitution of parties.  Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.")  Substitution of parties is governed by Federal Rule of Civil Procedure 25. And dismissal of an action against a party is governed by Federal Rule of Civil Procedure 41.  If Plaintiff believes that he has filed suit against the incorrect Defendant, Plaintiff should follow the proper procedures under the Federal Rules of Civil Procedure and dismiss this action and refile against the proper Defendant entity.